JOHN CHADWICK, APPELLANT, *v.* DECIMUS R. BURROWS
AND OTHERS, RESPONDENTS.

*Right of one partner to transfer firm property, in consideration of an agreement by the purchaser to pay a certain percentage upon the firm debts — when it will be sustained as against objecting creditors — a condition that the amount to be paid shall be received in full of the debt would invalidate it.*

The firm of Burrows & Lane having become insolvent, and Lane having absconded, a meeting of their creditors was held at which the property and liabilities of the firm were examined and ascertained. Upon the recommendation of all the creditors, except the plaintiff, the defendant Burrows executed an assignment of all the firm property to the defendant Potts, and in consideration thereof the said Potts agreed to pay each of the creditors of the said firm forty per cent of the indebtedness of each creditor in full for such debt, and to accept the said assignment in full of his own claim, amounting to over $18,000. Potts subsequently paid to each creditor forty per cent of his claim according to the agreement, except that he did not pay the plaintiff for the reason that he would not receive it.

The plaintiff having recovered a judgment, and issued an execution thereon, which was returned unsatisfied, brought this action, in which he claimed that the sale was fraudulent as against the creditors of the firm.

*Held,* that the legal effect of the sale of the firm property to Potts, in view of the purpose and consideration, was not such as to charge the parties to it with the intent to hinder and delay the plaintiff in the collection of his debt, and thus render it fraudulent as against him.

That the provision of the agreement, to the effect that Potts should pay " to each of the creditors of the said firm of Burrows & Lane forty per cent of the indebtedness of each creditor *in full of such debt,*" was to be construed as applicable only to those creditors who consented to adopt the same and be bound thereby, and that any creditor who did not agree to be bound thereby was

entitled to collect from Potts forty per cent of the amount of his claim, to be applied in satisfaction thereof to that extent and no further.

*It seems*, that if the right of the creditors to receive the amounts specified in the assignment had been made to depend upon the condition that they should discharge the entire debt due to them on receipt of the prescribed rate of forty per cent of their respective demands, it would have been held to be a stipulation for the advantage of the assignor which would have rendered the assignment invalid.

That as the complaint contained allegations which would have permitted the Special Term to treat the case as within the statute, providing for creditors' actions not resting upon fraudulent dispositions of property, and to grant the appropriate relief, the judgment should be so modified as to direct the payment by the defendant Potts to the plaintiff of the forty per cent, the purchase-price of the firm property, which he undertook to pay on account of the debt due to the plaintiff.

APPEAL from a judgment, entered on the decision of the Niagara Special Term, dismissing the complaint on the merits.

Decimus R. Burrows and Calvin G. Lane were partners, carrying on the lumbering business at Tonawanda, N. Y., in the firm name of Burrows & Lane. The justice before whom the action was tried found, among other things, as follows: "That the defendant Burrows and said Calvin G. Lane were engaged in a general lumber business at Tonawanda, and that shortly prior to December 18, 1873, said Lane absconded from this State. The affairs of said firm being in an embarrassed condition, a meeting of the creditors of the said firm was called, and upon the recommendation of said creditors, all of them joining therein except this plaintiff, the said defendant Decimus R. Burrows, in behalf of his firm, made and executed an assignment of all the firm property, being the same property mentioned and described in the complaint in this action, to the defendant John E. Potts, and, in consideration thereof, the defendant John E. Potts agreed to pay each of the creditors of the said firm of Burrows & Lane forty per cent of the indebtedness of each creditor in full for such debt, and that he agreed to accept said assignment in full of his own claim, amounting to over $18,000; and that said John E. Potts did subsequently pay each of said creditors forty per cent of his claim, according to his said agreement to do so, except that he did not pay this plaintiff forty per cent of his claim, for the reason that he would not receive it, and that this assignment, so made by said Decimus R.

Burrows, on behalf of the firm of Burrows & Lane, to the defendant John E. Potts, was not made with the intent to hinder, delay or defraud the creditors of the said firm of Burrows & Lane, nor any one of them, nor was it accepted by the defendant John E. Potts with such intent or purpose."

The plaintiff proceeded to judgment on his claim, and execution thereon having been returned unsatisfied, he, by this action, charges that such sale, and the sales of other property by Burrows individually to Potts, were fraudulent as against creditors. Also, that the defendant Potts has other property, etc., in his hands belonging to the firm, etc. Lane and George W. Sherman were named as defendants. The former was not served, and both he and Sherman afterwards died, and the action proceeded against the appellants only.

*A. K. Potter*, for the appellant.

*Geo. Wing*, for the respondents.

BRADLEY, J. :

The action is in the nature of a creditor's bill to set aside the sales made by the firm of Burrows & Lane, and by Burrows to the defendant Potts, upon the charge that they were fraudulent as against the plaintiff, a creditor of the firm.

The trial court found and determined that the allegations of fraud were not supported and dismissed the complaint. The value of the property of the firm transferred to Potts is not, nor is the amount of its liabilities, found by the court. The evidence on those subjects was mainly that of the plaintiff, and, in view of his relation to the action, it did not conclusively establish the facts to which he testified. The court was not requested to find on those propositions of fact ; and, inasmuch as no finding was made in those respects, no question of the comparative amount in value of the property and of the liabilities of the firm is presented on this review to the prejudice of the result given by the decision of the trial court.

The inquiry, therefore, arises whether the legal effect of the sale of the firm property to Potts, in view of the purpose and consideration, was such as to charge the parties to it with the intent to

hinder and delay the plaintiff in the collection of his debt, and thus render it fraudulent as against him. The one member of the firm had the right to sell the partnership property and apply the avails on the debts of the firm. (*Mabbett* v. *White,* 12 N. Y., 442; *Graser* v. *Stellwagen,* 25 id., 315.) The sale to Potts was absolute in terms. There was no reservation in the property or proceeds to inure to the benefit of the debtor firms in any event, other than that derived from the payment by Potts upon its debts, in performance of the consideration of the sale to him, unless an advantage may be found to have been reserved in the fact, as found by the court, that Potts "agreed to pay each of the creditors of the said firm of Burrows & Lane forty per cent of the indebtedness of each creditor *in full* of such debt." If an assignment had been made to him, in trust for the creditors, and it had required them to satisfy their claims as a condition of receiving respectively stated sums, less than the full amount of their debts, the instrument would have been fraudulent and void, as against any creditors who had not consented to such a disposition of property. (*Hyslop* v. *Clarke,* 14 Johns., 458; *Grover* v. *Wakeman,* 11 Wend., 187; *Armstrong* v. *Byrne,* 1 Edw. Ch., 79; *Spaulding* v. *Strang,* 37 N. Y., 139.) The validity of an assignment, in trust for the benefit of creditors, requires that the assignor part with all control over the property assigned, and that it be unqualifiedly devoted to the payment of his debts, without any reservation for his own advantage. This is the condition on which he is permitted to withdraw it from the ordinary process of the law. Although the sale here was in terms absolute, it was made under an arrangement that the vendee should apply the purchase-price upon the debts of the vendors, and if such application was by the agreement, without the consent of the creditors, made to depend upon the condition that the creditors should discharge the entire debts due them on receipt of the prescribed rate of forty per cent of their respective amounts, it would seem to be a stipulation for the advantage of the vendor in the agreement of sale, which might not legally be sanctioned. The debtor firm was at liberty to sell its property for an adequate consideration, and direct the payment of the purchase-money on a portion only of the debts, and in that manner give a preference to creditors. The consideration to be paid for the property here was the amount of the par-

ticular percentage of *all* the debts to be paid by the purchaser to the creditors. So far the agreement was valid. And so far as the agreement to pay that amount in full satisfaction of the debts applied to those creditors who had consented to such arrangement, it was also valid.

In view of the circumstances a fair construction of the agreement makes it in that respect applicable only to those creditors who, by their consent, adopted it. It certainly would not affect or apply to any others. This arrangement was brought about at a meeting of nearly all of the creditors, and made pursuant to their request. They were willing to take forty per cent in satisfaction of their claims. It was in view of the arrangement by and with them that the sale and purchase were made. And Burrows was probably induced to make the transfer by reason of the understanding thus made with such creditors, so far as they could do it, that the firm property should go in satisfaction of the partnership liabilities. The title passed to Potts, and he assumed the obligation to pay for it by paying to *all* the creditors *pro rata*, a sum equal to such percentage of their debts against the firm. This would seem to give to the plaintiff the right to the stipulated rate to apply on his claim without any undertaking on his part to discharge the residue of his demand.

The expectation (if it existed) of Burrows that the discharge of all the debts could be produced by such payments, and the arrangement in that respect in the agreement of sale, could not affect the liability of Potts to make the payments which he undertook to make.

The evidence tends to prove that the creditors or some of them, who received such amount, assigned their claims to Potts. This evidently was done to carry out such arrangement to discharge the debts. The defendant Potts was not a trustee, and the payments required of him were not made in the execution of a power, but in the performance of an original obligation to pay his own debt created by his purchase. This liability of Potts was property within the reach of the several creditors to the extent of their rights, respectively, to appropriate it to the payment of their claims, and is distinguished from a power arising out of a trust, in its legal effect as against the creditors of the vendor, if free from fraud in fact. The finding of the trial court that the sale and purchase of the firm property, and the conveyance by Burrows to Potts of the

Canada property, and his interest in the house and lot at Tonawanda, were without any intent to hinder, delay or defraud the creditors of the firm, seems to be supported. The view thus taken here leads to the conclusion that the disposition made of the case in that respect at Special Term was not error. But the rights of the plaintiff may properly be settled by the judgment in this action, and they should be, in view of the difficulty which may otherwise arise elsewhere, so as to declare his right to the *pro rata* sum of the proceeds of the sale of the firm property, by way of the abatement to that extent of the amount of his claim. The matter of the construction, before mentioned as to him, of the agreement and purchase and for the payment to the creditors, may not be so clear as to obviate discussion, but his right as a creditor to that portion of the purchase-money (as it remains unpaid), whether pursuant to the agreement to pay him forty per cent, or as a fund arising out of liability to pay for firm property purchased, seems clear.

The complaint contains allegations which would have permitted the Special Term to treat the case as within the statute providing for creditors' actions not resting in fraudulent disposition of property as well as the common law creditors' action founded upon the latter, and the court may have given such relief. (Code Civil Pro., § 1871.) This has taken the place of 2 Revised Statutes (173, § 38), and it is very likely that this relief would have been given if the attention of the court had been specifically called to it, which the record does not show was in any manner done.

The judgment should be so modified as to direct the payment by the defendant Potts to the plaintiff of the portion of the purchase-price of the firm property which he undertook to pay on account of the debt due to the plaintiff, that is to say, forty per cent of such debt, to be applied in abatement thereof to the extent only of such payment, and as so modified affirmed, without costs to any party.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment modified so as to direct the payment by the defendant Potts to the plaintiff of the portion of the purchase-price of the firm property which he undertook to pay on account of the debt due the plaintiff, that is, forty per cent of such debt, to be applied in abatement of such debt to the extent of such payment only, and

further modified by striking out the award of costs to the defendant, and as so modified affirmed, without costs of this appeal to either party. ·